UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENE R. DAVIS,

    Plaintiff,

v.

TRUEACCORD CORP.,

    Defendant.

Case No. 1:20-cv-05807

## COMPLAINT

**NOW COMES** Plaintiff, GENE R. DAVIS, through undersigned counsel, complaining of Defendant, TRUEACCORD CORP., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. GENE R. DAVIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1113 Tall Timbers Road, Apartment 204, Schaumburg, Illinois 60173.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. TRUEACCORD CORP. ("Defendant") is a corporation organized and existing under the laws of the state of Delaware.

1

7. Defendant has its principal place of business at 303 2nd Street, Suite 750, San Francisco, California 94107.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On April 30, 2017, Plaintiff filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.

11. On December 24, 2019, Plaintiff purchased an indoor bike trainer from Saris.

12. Plaintiff financed this $549.97 purchase through Affirm, Inc. at an 29.99% annual percentage rate.

13. Between January 24, 2020 and April 26, 2020, Plaintiff paid $214.48 to Affirm, Inc.

14. On May 11, 2020 – before Plaintiff's $643.36 balance to Affirm, Inc. was repaid – Plaintiff exercised his statutory right to convert his Chapter 13 case to one under Chapter 7.

15. The amended schedules filed by Plaintiff included Affirm, Inc. on Schedules F: Creditors Holding Secured Claims.

16. On May 27, 2020, Plaintiff's bankruptcy counsel certified that he served notice of Plaintiff's Chapter 7 bankruptcy case by first class mail to Affirm, Inc.

17. On August 11, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

18. On August 13, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, once again, certifying, under penalty of perjury, that it sent notice of Plaintiff's discharge by first class mail or electronic transmission to Plaintiff's creditors, including Affirm, Inc.

19. Despite Plaintiff's Chapter 7 discharge, Plaintiff's $428.88 balance to Affirm, Inc. was charged-off and referred for collection.

20. Defendant sent Plaintiff an e-mail, dated September 29, 2020, (the "e-mail"), which stated:

> From: Eric Lee eric@notify.trueaccord.com
> Date: Tue, Sep 29, 2020 at 1:55 PM
> Subject: Gene, we're writing about your Affirm, Inc. account.
> To: Gene Davis genethefabulous@gmail.com
>
> Hi Gene, Nice to meet you!
>
> You might not have heard about us yet, we are a third party debt collection agency, collecting on behalf of Affirm, Inc. We are contacting you regarding your outstanding balance of $428.88.
>
> Depending on how you would like to get started, we have multiple options that will fit your needs. Take a look!
>
> Here are the details:
>
> | | |
> |---|---|
> | **Current creditor:** | Affirm, Inc. |
> | **Balance due:** | $428.88 |
> | **Affirm, Inc. account ending in:** | 0PKI |
>
> **More Information**
>
> Your outstanding balance owed to Affirm, Inc. is: $428.88.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you

> dispute all or any portion of this debt, we will obtain verification of the debt or obtain a copy of a judgment and send you a copy of such verification or judgment. You may also request in writing within 30 days of receiving this notice that we provide you with the name and address of the original creditor, if different from the current creditor.

21. The e-mail is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. Plaintiff's $428.88 balance to Affirm, Inc. is a "debt" as defined by 15 U.S.C. § 1692a(5).

## **DAMAGES**

23. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

24. The Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

25. Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

26. Here, Defendant's unlawful collection attempt deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught – causing anxiety, confusion, and mental anguish.

27. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.***

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation of 15 U.S.C. § 1692e**

29. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (2) The false representation of –
>
> > (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant's September 29, 2020 e-mail to Plaintiff asserted that Plaintiff's debt to Affirm, Inc. was due and demanded that Plaintiff pay the debt.

31. But at the time of Defendant's September 29, 2020 e-mail, Plaintiff's debt to Affirm, Inc. was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

32. It seems clear, then, that Defendant's September 29, 2020 e-mail misrepresented the legal status of Plaintiff's debt to Affirm, Inc. in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation of 15 U.S.C. § 1692f**

33. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

 (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

34. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

35. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $428.88 balance to Affirm, Inc.) not permitted by law - 11 U.S.C. § 524(a)(2).

36. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)   any actual damage sustained by such person as a result of such failure;

(2)

 (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.   find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 30, 2020                            Respectfully submitted,

**GENE R. DAVIS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com